IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID BLOCKOWICZ, MARY BLOCKOWICZ, )
and LISA BLOCKOWICZ,                 )
                                     )
        Plaintiffs,                  )
                                     )
    v.                               )     No. 09-C-3955
                                     )
JOSEPH DAVID WILLIAMS and MICHELLE   )
RAMEY,                               )
                                     )
        Defendants.                  )

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

On June 30, 2009, plaintiffs David Blockowicz, Mary Blockowicz, and Lisa Blockowicz (collectively "Blockowiczs") brought this action against defendants Joseph David Williams and Michelle Ramey (collectively "Defendants") for defamation based on statements they posted on various websites.

After finding Defendants default, on October 6, 2009, the court entered a permanent injunction requiring them to, among other things, remove their defamatory postings from the websites. Having not been able to contact the Defendants, the Blockowiczs approached the third party providers of the websites to enlist their help in deleting the postings. All but one provider–ripoffreport.com–have complied. Consequently, the Blockowiczs filed a "Motion for Third Party Enforcement of Injunction" (Dkt. No. 20), seeking an order compelling Ed Magedson and Xcentric Ventures, LLC (collectively "Xcentric"), the operators of ripoffreport.com, to remove the defamatory postings from their website. Xcentric has refused to remove the postings from its site and disputes the court's authority under Federal Rule of Civil

Procedure 65 to compel its compliance with the injunction. The court heard counsel's oral arguments on November 10, 2009. For the reasons explained below, the Blockowiczs' motion is denied.

## BACKGROUND

On June 30, 2009, the Blockowiczs brought this action against Defendants for defamation based on statements about the Blockowiczs that they posted on various websites including ripoffreport.com, Facebook.com, MySpace.com, and complaintsboard.com.

The court found that Defendants were in default on October 6, 2009 and entered a permanent injunction (Dkt. No. 19) requiring them to, among other things, remove the defamatory postings from the websites. Additionally, the injunction recognized that the Blockowiczs' counsel "may directly contact third party hosts of their websites, who shall make reasonable efforts to ensure the false statements are removed." (*Id.* at 3.) Having not been able to secure Defendants' cooperation with the injunction, the Blockowiczs approached the third party hosts of the websites to enlist their help in deleting the postings. Ripoffreport.com, operated by Xcentric, is the only website which has refused to remove the postings. Consequently, the Blockowiczs filed a "Motion for Third Party Enforcement of Injunction" (Dkt. No. 20), seeking an order compelling Ed Magedson and Xcentric Ventures, LLC (collectively "Xcentric"), the operators of ripoffreport.com, to remove the defamatory postings from its website. Xcentric has refused to remove the postings and argues that court lacks authority under Federal Rule of Civil Procedure 65 to compel its compliance with the injunction.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 65(d)(2), "an injunction binds not only the parties

to the injunction but also nonparties who act with the named party." *S.E.C. v. Homa*, 514 F.3d 661, 674 (7th Cir. 2008).

> The Supreme Court has explained that Rule 65(d)
>
> is derived from the common law doctrine that a decree of injunction not only binds the parties defendant but also those identified with them in interest, in "privity" with them, represented by them or subject to their control. In essence . . . defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding.

*Regal Knitwear Co. v. Nat'l Labor Relations Bd.*, 324 U.S. 9, 14 (1945). In other words, "a court may find a nonparty in contempt if that person has 'actual knowledge' of the court order and 'either abets the party named in the order or is legally identified with him.'" *Homa*, 514 F.3d at 674 (quoting *Stotler & Co. v. Able*, 870 F.2d 1158, 1164 (7th Cir. 1989)).

The court, however, "may not grant an enforcement order or injunction so broad as to make punishable the conduct of persons who act independently and whose rights have not been adjudged according to law." *Regal Knitwear*, 324 U.S. at 13; *see also United States v. Kirschenbaum*, 156 F.3d 784, 794 (7th Cir. 1998) ("[A] district court may not enjoin non-parties who are neither acting in concert with the enjoined party nor are in the capacity of agents, employees, officers, etc. of the enjoined party."); *Microsystems Software, Inc. v. Scandinavia Online AB*, 226 F.3d 35, 43 (1st Cir. 2000) ("A nonparty who has acted independently of the enjoined defendant will not be bound by the injunction, and, if she has had no opportunity to contest its validity, cannot be found in contempt without a separate adjudication.").

## ANALYSIS

The Communications Decency Act ("CDA"), 47 U.S.C. § 230, limits the ability of an aggrieved party to sue an internet website host for defamatory statements posted on its site by

third-parties. *See* 47 U.S.C. § 230(c). Avoiding the CDA's limitations, the Blockowiczs instead sued the authors of the defamatory posts–the Defendants–and sought an injunction requiring that the defamatory postings be removed from the websites. Whether the court can enforce the permanent injunction against third party website providers, such as Xcentric, to compel them to remove defamatory material from their sites appears to be an issue of first impression. For the reasons explained below, the court finds that it should not exercise its authority under the facts in this case.

To enforce the injunction against a non-party under Federal Rule of Civil Procedure 65(d), that party must be acting in concert or legally identified (i.e. acting in the capacity of an agent, employee, officer, etc.) with the enjoined party. *Homa*, 514 F.3d at 674; *Kirschenbaum*, 156 F.3d at 794. In this case, the Blockowiczs argue that the on-line agreement Defendants entered into with Xcentric when they posted the defamatory statements on ripoffreport.com demonstrates that Xcentric is in "active concert or participation" with Defendants in their violation of the injunction.[1] (Dkt. No. 31, Pls.' Reply 2-3.) The court disagrees.

Among other provisions, before posting a report on ripoffreport.com, the poster agrees to the following "Terms of Service":

> You will NOT post on ROR [Ripoff Report] any defamatory, inaccurate, abusive, obscene, profane, offensive, threatening, harassing, racially offensive, or illegal material, or any material that infringes or violates another party's rights

---

[1] Originally, the Blockowiczs argued that "[t]he existence of a contractual relationship such as Defendants' and Xcentric's is more than sufficient to establish the necessary privity for this court to order Xcentric, pursuant to Rule 65(d), to remove the defamatory statements," (Dkt. No. 31, Pls.' Reply 2) suggesting that the contract satisfied Rule 65(d)'s "legal identity" requirement. In their final reply, however, the Blockowiczs clarify that their argument relies on Xcentric's "active concert or participation" as opposed to its "legal identity" with Defendants. (Dkt. No. 35, Pls.' Sur-SurReply 3.)

>   (including, but not limited to, intellectual property rights, and rights of privacy and publicity). You will use ROR in a manner consistent with any and all applicable laws and regulations. By posting information on ROR, you warrant and represent that the information is truthful and accurate.
>
>   You will defend, indemnify, and hold harmless Xcentric, its officers, directors, employees, agents and third parties, for any losses, costs, liabilities and expenses (including reasonable attorneys' fees) relating to or arising out of your use of ROR, including, but not limited to, any breach by you of the terms of this Agreement[.]
>
>   By posting information on ROR, you understand and agree that the material will not be removed even at your request. You shall remain solely responsible for the content of your postings on ROR.
>
>   By posting information or content to any public area of ripoffreport.com, you automatically grant, and you represent and warrant that you have the right to grant, to Xcentric an irrevocable, perpetual, fully-paid, worldwide exclusive license to use, copy, perform, display and distribute such information and content and to prepare derivative works of, or incorporate into other works, such information and content, and to grant and authorize sublicenses of the foregoing.

Ripoff Report Terms of Service, http://www.ripoffreport.com/ConsumersSayThankYou/ TermsOfService.aspx.

According to the Blockowiczs, these "Terms of Service" "are essentially a promise to aid and abet the Defendants in continuing defamation regardless of any court orders." (Dkt. No. 35, Pls.' Sur-SurReply 3.) Specifically, the Blockowiczs argue that Xcentric's ongoing promise to publish and never remove the defamatory statements in exchange for indemnification and an exclusive copyright license to those statements demonstrates that Xcentric is in active concert or participation with Defendants. The provision requiring users to post "truthful and accurate" statements, the Blockowiczs argue, "is mere lip service." (*Id.* at 5.) Essentially, the Blockowiczs ask the court to ignore the terms of the agreement, which expressly prohibit defamatory postings, and instead interpret the Terms of Service as a deliberate announcement to

potential defamers that ripoffreport.com is a safe haven for defamation. (*See id.*) The record, however, is devoid of any evidence that Xcentric intends to protect defamers and aid them in circumventing court orders. Consequently, this court is unwilling to draw such an inference based on attorney conjecture. The Blockowiczs similarly have not presented any evidence that Xcentric has had any contact with Defendants since the entry of the permanent injunction or that it has worked in concert with Defendants to violate this court's October 6, 2009 order. Therefore, the court finds that Xcentric's tenuous connection to Defendants is insufficient to compel Xcentric's compliance with the court's permanent injunction.

The court is sympathetic to the Blockowiczs' plight; they find themselves the subject of defamatory attacks on the internet yet seemingly have no recourse to have those statements removed from the public view. Nevertheless, Congress has narrowly defined the boundaries for courts to enjoin third parties, and the court does not find that Xcentric falls within those limited conscriptions based on the facts presented here.

## CONCLUSION

For the foregoing reasons, the Blockowiczs' "Motion for Third Party Enforcement of Injunction" (Dkt. No. 20) is denied.

ENTER:

*James F. Holderman*

_____

JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: December 21, 2009